✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
Raymond H. Walker
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case 1:98CR90

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

See Attached Addendum to Detention Order.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

See Attached Addendum to Detention Order.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____     _____
Date                         *Signature of Judge*

                             _____
                             *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:98CR90

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ADDENDUM TO** |
| | ) | **DETENTION ORDER** |
| **RAYMOND H. WALKER** | ) | |
| _____ | ) | |

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

II.                                            FINDINGS

As to factor:

**(g)(1):** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device; the base offense for which the defendant is serving a term of supervised release was a conviction for conspiracy to possess with intent to distribute a quantity of cocaine base, which is a controlled substance. The defendant is now alleged to have violated the terms and conditions of supervised release by being in the presence of a person convicted of a felony, that being a person who was a co-defendant and the person had possession of cocaine.

**(g)(2):** The weight of evidence against the person appears to be strong and significant.

**(g)(3):** The history and characteristics of the person

    (A)    Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. The defendant is disabled, but he has created employment for himself by providing transportation for persons who wish to purchase controlled substances. The defendant has a long length of residence in his community. The defendant's history relating to alcohol or drug convictions shows that the defendant has been convicted five (5) times for Driving While Impaired. The defendant has been convicted five (5) times for Driving While License Revoked. The defendant has also been convicted two (2) times of Assault on a Female, and further he has a record of a conviction for Possession of a Schedule VI Controlled Substance and Possession of Drug Paraphernalia. The defendant was also sentenced on March 30, 1999 for the crime of Conspiracy to Possess With Intent to Distribute a quantity of cocaine base. The defendant's record shows that he has appeared at court appearances as he has been ordered to do.

    (B)    At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. This factor does exist. The defendant was serving a term of supervised release.

**(g)(4)**: The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The United States Probation Officer ("USPO") Diane Burton received communications from law enforcement that the defendant was having association with a person who had a felony conviction for possession of a

controlled substance, that being a co-defendant of the defendant.  Several reports were made by law enforcement to Officer Burton that the defendant had been seen with his co-defendant.  On June 17, 1999, at a routine license check, the defendant approached the license check with his former co-defendant in the vehicle.  The co-defendant was searched and cocaine was found upon her person.  The defendant was questioned by law enforcement officers and the defendant made a statement that he was trying to make gas money by transporting persons; that he "knew what they were doing, but didn't know what."  This evidence shows by clear and convincing evidence that the defendant has been violating the terms of his supervised release by facilitating the sale of controlled substances.  The defendant is providing transportation for hire to persons whom the defendant would then take to the sellers of controlled substances so that transactions could be made.  This activity shows that the release of the defendant could create a risk of harm or danger to any other person or the community.  As a result the undersigned is determined to enter an order detaining the defendant.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on the part of the defendant.

Wherefore, it is ordered that the defendant be detained pending further proceedings in this matter.

This, the 8th day of September 2009.    Signed: September 8, 2009

_____
Dennis L. Howell
United States Magistrate Judge